| | |
|---|---|
| 1 | Samuel M. Lasser (SBN – 252754) |
| | slasser@edelson.com |
| 2 | EDELSON PC |
| | 1934 Divisadero Street |
| 3 | San Francisco, California 94115 |
| | Tel: 415.994.9930 |
| 4 | Fax: 415.776.8047 |
| 5 | Rafey S. Balabanian* |
| | rbalabanian@edelson.com |
| 6 | Ari J. Scharg* |
| | ascharg@edelson.com |
| 7 | John C. Ochoa* |
| | jochoa@edelson.com |
| 8 | EDELSON PC |
| | 350 North LaSalle Street, Suite 1300 |
| 9 | Chicago, Illinois 60654 |
| | Tel: 312.589.6370 |
| 10 | Fax: 312.589.6378 |
| 11 | *Pro hac vice admission to be sought. |
| 12 | Attorneys for Plaintiff and the Putative Class |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AZICH, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;** |
| THE UNIVERSITY OF PHOENIX, INC. an Arizona corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff George Azich brings this Class Action Complaint and Demand for Jury Trial against Defendant The University of Phoenix, Inc. ("Defendant") to stop its practice of making unsolicited calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Defendant The University of Phoenix, Inc. operates a private, for-profit online university.

2. In an effort to solicit potential students for its online university, Defendant began making telephone calls, *en masse*, to consumers across the country. Unfortunately, Defendant made the calls at issue without obtaining the recipients express consent.

3. Indeed, Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other members of the putative Class's cellular telephones for the express purpose of promoting its private, for-profit online university, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

4. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff nor the other members of the putative Class ever provided Defendant with their prior express consent to be called. By making the calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls.

5. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease making all unsolicited telemarketing calls, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff George Azich is a natural person and citizen of the State of California.

7. Defendant The University of Phoenix, Inc., is a corporation existing under the laws of the State of Arizona with its principal place of business located at 4025 S. Riverpoint Parkway, Phoenix, Arizona 85040. Defendant does business throughout the United States, the State of California, and this District.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Additionally, venue is proper because Plaintiff resides here.

## FACTUAL BACKGROUND

10. Defendant is a leading provider of online university courses and classes. In an effort to reach prospective students, Defendant engages in nationwide telemarketing campaigns.

11. However, in pursuit of this effort, Defendant made unsolicited telemarketing calls to consumers' cellular telephones nationwide without any form of prior express consent. Plaintiff and the other members of the proposed Class never provided their telephone numbers to Defendant for the purpose of receiving telemarketing calls or any other purpose.

12. Nevertheless, Defendant repeatedly made telemarketing calls to Plaintiff and members of the Class to promote its university and continuing education courses.

13. Online complaints regarding such telemarketing calls promoting The University of Phoenix are legion and date back several years:





**(Figure 1.)**

14. In making the calls at issue in this Complaint, Defendant utilized an ATDS. Specifically, the hardware and software used by Defendant has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

15. Indeed, Defendant employs predictive dialers and has a team of employees dedicated to installing, maintaining, and improving its predictive dialers.[1]

16. Plaintiff and members of the Class did not request or consent to be called by Defendant.

## FACTS RELATING TO PLAINTIFF AZICH

17. Plaintiff Azich does not have a relationship with Defendant, has never submitted his telephone number to Defendant or requested that Defendant call him or offer him its services. Simply put, Plaintiff has never provided his prior express consent to Defendant to place calls to his cellular telephone. In addition, Plaintiff is not looking to attend any online university.

18. Yet, starting in April 2015, Defendant began calling Plaintiff's cellular telephone from the phone number 415-599-7971 to market its online university.

19. When Plaintiff answered one of the calls, the other end of the line was silent for a moment before Plaintiff heard a sound indicating that he had been connected with another party. Hearing the silence, Plaintiff believed Defendant was calling him using an automatic telephone dialing system (*i.e.*, an ATDS).

20. The party he was connected to was one of Defendant's agents who stated that she was calling on behalf of The University of Phoenix. Plaintiff Azich asked the agent how Defendant obtained his phone number, and the agent responded that Plaintiff had requested

---

[1] *See Marty Thomsen | LinkedIn*, https://www.linkedin.com/in/martythomsen (last visited May 21, 2015) (showing public profile of a "Predictive Dialer Admin" who uses predictive dialers for the "Apollo Contact Center at the University of Phoenix.")

information about education and began her scripted sales pitch. However, Plaintiff has not requested educational information from Defendant or any other entity.

21. During that call, Plaintiff also requested that he be placed on Defendant's internal do not call list. Unfortunately, Defendant ignored Plaintiff's request and continued to call him several more times.

22. Defendant's intrusive telemarketing calls adversely affected Plaintiff's right to privacy.

23. Defendant was and is aware that the above-described telemarketing calls were being made on a widespread basis, and that the calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

24. Plaintiff George Azich brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and the following Class:

> All individuals in the United States (1) who received a telephone call; (2) on a cellular telephone number; (3) made using an automatic telephone dialing system; (4) promoting Defendant's products or services; (5) for whom Defendant has no record of consent to place telemarketing calls promoting Defendant's products or services to him or her.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity:** The exact number of members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records, discovery, and other third party

sources.

26. **Commonality and Predominance:** There are many questions of law and fact common to Plaintiff's and the Class's claims, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)     Whether Defendant's conduct violated the TCPA;

    b)     Whether the equipment Defendant used to make telephone calls to members of the Class was an automatic telephone dialing system as contemplated by the TCPA;

    c)     Whether Defendant systematically made telephone calls to members of the Class who did not previously provide Defendant with their prior express consent to receive such telephone calls; and

    d)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff's and the members of the Class sustained damages arising out of Defendant's wrongful conduct.

28. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

29. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a

whole, not on facts or law applicable only to Plaintiff.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

31. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**
**Violation of the Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

33. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Class without their prior express consent to receive such calls.

34. Defendant made the telemarketing calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

35. Defendant and/or its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and

without human intervention. The telephone dialing equipment utilized by Defendant dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

36. By making unsolicited calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class had their right to privacy adversely impacted and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

38. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff George Azich as the representative of the Class, and appointing his counsel as Class Counsel;

B. An award of actual and statutory damages;

C. An injunction requiring Defendant to cease all unsolicited telemarketing activities, and otherwise protecting the interests of the Class;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

| | | |
|---|---|---|
| Dated: May 27, 2015 | | Respectfully Submitted, |
| | | **GEORGE AZICH**, individually and on behalf of a class of similarly situated individuals, |
| | | By: /s/ Samuel M. Lasser |
| | |     One of Plaintiff's Attorneys |

Samuel M. Lasser (SBN – 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
John C. Ochoa*
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice* admission to be sought.

*Attorneys for Plaintiff and the Putative Class*